**MESA VERDE CONSTRUCTION CO.,**
**Plaintiff–Appellee,**

v.

**NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS,**
**Defendant–Appellant.**

**MESA VERDE CONSTRUCTION COMPANY, Plaintiff–Appellee,**

v.

**CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD, Defendant–Appellant.**

**Nos. 85–1665, 85–2074.**

United States Court of Appeals,
Ninth Circuit.

Argued En Banc and Submitted
March 16, 1988.

Remanded by Opinion of Nov. 15, 1988.

Decided Sept. 13, 1989.

As Amended on Denial of Rehearing and
Rehearing En Banc Jan. 26, 1990.

Victor J. Van Bourg, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for defendant/appellant.

Mark R. Thierman, Thierman, Cook, Brown & Mason, San Francisco, Cal., for plaintiff/appellee.

Patrick J. Syzmanski, Washington, D.C., for amicus curiae N.L.R.B.

Lawrence Gold, Washington, D.C., for amicus curiae Dist. Council of Carpenters of Seattle, King County & Vicinity, and Local 3 Intern. Union of Operating Engineers.

G. Brockwell Heylin, Washington, D.C., for amicus curiae Associated Gen. Contractors of America, Inc.

Douglas N. Friefield, San Francisco, Cal., for amicus curiae W.B. Skinner, Inc.

Judd H. Lees, Williams, Kastner & Gibbs, Bellevue, Washington, for amicus curiae Ken Hash Const.

Before NELSON, WIGGINS and NOONAN, Jr., Circuit Judges.

WIGGINS, Circuit Judge:

The Northern California District Council of Laborers and the Carpenters 46 Northern California Counties Conference Board (collectively Laborers) appeal from the district court's declaratory judgment that Mesa Verde Construction Company (Mesa Verde) effectively repudiated pre-hire collective bargaining agreements between the parties. This panel affirmed, but the Laborers suggestion for rehearing en banc was subsequently granted. The en banc panel adopted as the law of this circuit the decision of the National Labor Relation Board (NLRB or Board) in *Deklewa v. International Ass'n of Bridge, Structural and Ornamental Ironworkers, Local 3*, 282 N.L.R.B. No. 184, 1986–87 NLRB Dec. (CCH) ¶ 18,549 (Feb. 20 1987), *enforced*, 843 F.2d 770 (3d Cir.1988), that pre-hire collective bargaining agreements may not be unilaterally repudiated prior to a Board-certified election or termination of the contracts. The en banc panel remanded the case to this panel to determine whether to apply *Deklewa* retroactively. We hold that *Deklewa* should not be applied retroactively and affirm the judgment below.

## BACKGROUND

In our original opinion we summarized the facts as follows:

Mesa Verde is a general contractor, specializing primarily in constructing shopping centers in Arizona, California, and Colorado. Mesa Verde typically subcontracts out most of its work except for some carpentry and odd jobs. In 1979 it reached its first agreement with the Laborers, and on June 26, 1980 it signed the contract with the Laborers that is here in dispute. The contract was to remain in effect until June 15, 1983 and would continue thereafter from year to year absent written notice by either party. By the contract's terms Mesa Verde agreed to "comply with all wages, hours, and working conditions set forth in the Laborers' Master Agreement for Northern Califor-

nia." That agreement is a sixty-seven-page contract between the Laborers, the Associated General Contractors of California, Inc. and the Bay Counties General Contractors Association. It sets wage rates for numerous jobs and provides for arbitration, with certain exceptions, of "any dispute concerning the interpretation or application of the agreement." On November 17, 1982 Mesa Verde and the Laborers agreed in writing that their 1980 contract would continue in effect until June 15, 1986.

Mesa Verde first entered into a collective bargaining agreement with the Carpenters in August 1979. Through a memorandum agreement Mesa Verde and the Carpenters accepted the Carpenters Master Agreement for Northern California, a forty-nine-page contract between the Carpenters, the Building Industry Association of Northern California, the California Contractors Council, Inc. and the Millwright Employers Association. That agreement sets rates for numerous jobs and provides for arbitration of "[a]ny dispute concerning the relationship of the parties, any application or interpretation of this Agreement." Through a subsequent memorandum agreement executed in June 1980 the parties accepted the new June 16, 1980 to June 15, 1983 Carpenters Master Agreement. On September 8, 1982 Mesa Verde and the Carpenters early extended the master agreement to June 15, 1986, with certain modifications limiting wage increases and providing more flexible working conditions for Mesa Verde.

Mesa Verde informed the unions of its intent to abrogate its agreements with them in May of 1984. At the time Mesa Verde was working on a project in Hercules, California, at which it employed members of both unions. Mesa Verde notified the Carpenters of its repudiation through a May 8, 1984 letter and notified the Laborers through a May 15, 1984 letter. In late May or early June of 1984, after its notice to the unions, Mesa Verde started another project in Orland, California without union workers, in contravention of the collective bargaining agreements, if they were still in effect. Both unions gave Mesa Verde notice of grievance and requested arbitration regarding Mesa Verde's contractual obligations for the Orland project. Mesa Verde then brought suit against both unions seeking a declaration that it need not comply with the agreements with regard to projects begun after its repudiations in May 1984.

*Mesa Verde Constr. Co. v. Northern Cal. Dist. Council of Laborers,*, 820 F.2d 1006, 1007–08 (9th Cir.1987), *withdrawn,* 832 F.2d 1164 (9th Cir.1987).

The district court granted Mesa Verde summary judgment against both unions, holding that the collective bargaining agreements at issue were construction industry "pre-hire" agreements and that under section 8(f) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(f) (1982), Mesa Verde's May 1984 letters were sufficient to repudiate their agreements with respect to future projects. 598 F.Supp. 1092, 1101 (N.D.Cal.1984). This panel affirmed, finding that circuit precedent permitted an employer to repudiate unilaterally a pre-hire collective bargaining agreement. 820 F.2d at 1012. Upon rehearing, the en banc panel adopted *Deklewa* as the law of this circuit, holding that a "pre-hire agreement[ ] may not be unilaterally repudiated by either a union or an employer prior to its termination or absent an election among the appropriate bargaining unit's employees to reject the union." 861 F.2d 1124, 1137 (9th Cir.1988) (en banc). The en banc panel, however, remanded the case to this panel to determine whether *Deklewa* should be applied retroactively. *Id.*

## DISCUSSION

The en banc panel directed that our retroactivity analysis be governed by *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Chevron* the Supreme Court articulated three factors applicable to the analysis: (1) whether the decision to be applied retroactively established a new principle of law, either by overruling clear past precedent on which

litigants may have relied or by deciding an issue of first impression; (2) the effect of retroactivity on accomplishing the purpose of the law; and (3) the inequity imposed by retroactive application. *Id.* at 106–07, 92 S.Ct. at 355.

The en banc panel noted that *"Deklewa* overrules clear precedent that the employer in *Mesa Verde* obviously relied on in repudiating the pre-hire agreements." 861 F.2d at 1137. The Laborers take issue with this statement, arguing that at the time Mesa Verde's repudiation occurred, Ninth Circuit law did not permit an employer unilaterally to repudiate an agreement absent a NLRB election. The case cited by the Laborers, *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying,* 746 F.2d 557 (9th Cir. 1984), however, does not stand for that proposition. Acknowledging that the Supreme Court had left open the question of what specific acts would effect repudiation of a pre-hire agreement, *Operating Engineers* expressly declined to decide the issue. *Id.* at 564–65 (citing *Jim McNeff, Inc. v. Todd,* 461 U.S. 260, 270–71 n. 11, 103 S.Ct. 1753, 1758–59 n. 11, 75 L.Ed.2d 830 (1983)). We agree with the en banc panel that Mesa Verde relied on clear precedent in repudiating the agreement. Although neither the Supreme Court nor this court had specifically addressed the proper method for repudiation, both courts had clearly held that "an employer is able to exercise the right of repudiation until the union achieves a majority status." *Todd v. Jim McNeff, Inc.,* 667 F.2d 800, 803 (9th Cir. 1982), *aff'd,* 461 U.S. 260, 103 S.Ct. 1753, 75 L.Ed.2d 830 (1983).

The Laborers contend that retroactive application would further statutory objectives of labor relations stability and employee free choice. Noting that the NLRB applies *Deklewa* retroactively to cases pending at the administrative level, they argue that the federal courts should also apply the rule retroactively to ensure uniformity of decision. The Board's decision to apply *Deklewa* retroactively is not binding on this court. *See NLRB v. Best Products Co.,* 765 F.2d 903, 913 (9th Cir.1985).[1] At least two district courts have declined to apply *Deklewa* retroactively. *See Trustees of the Nat'l Automatic Sprinkler Indus. Pension Fund v. American Automatic Fire Protection,* 680 F.Supp. 731, 735 (D.Md.1988); *Construction Indus. Welfare Fund v. Jones,* 672 F.Supp. 291, 294 (N.D. Ill.1987). The Laborers contend that employee free choice will suffer if the rule is not applied retroactively because courts lack the ability to conduct an election allowing employees to express their preference. This argument, however, ignores the fact that in cases such as the present one, "involving strictly historical disputes, a representation election can no longer be effectively held." *Nat'l Automatic Sprinkler Indus.,* 680 F.Supp. at 735.

If *Deklewa* is applied retroactively, Mesa Verde "would be subjected to a penalty for having taken action which was entirely lawful under pre-*Deklewa* law without being afforded the opportunity to have their assertion of the union's lack of majority status tested either by election or by litigation." *Id.* Since retroactive application in this context would not significantly advance statutory objectives, imposing such an injustice on the employer is clearly unwarranted.

## CONCLUSION

Applying the *Chevron* factors, we find that: (1) the existing law clearly allowed either party to repudiate the pre-hire agreement prior to the union's attainment of majority status; (2) retroactive application would punish the employer for doing some-

---

1. In *Best Products* we stated that "while the court is not bound by the Board's view on retroactive application, it should defer to those views absent manifest injustice." 765 F.2d at 913. The Eighth Circuit adopted this standard in deciding whether to apply *Deklewa* retroactively. *NLRB v. W.L. Miller Co.,* 871 F.2d 745, 748 (8th Cir.1989) (deferring to the Board's decision to apply *Deklewa* retroactively). Although the en banc panel directed us to review retroactive application independently under *Chevron,* we would reach the same conclusion were we to apply the deferential standard. We conclude that it would be manifestly unjust to apply *Deklewa* retroactively in this case because it would effectively punish the employer for conduct that was lawful at the time it occurred.

**520**

thing that was lawful when done; and (3) advancement of statutory objectives is only questionably served by retroactive application when the relationship between the parties has been terminated. We therefore hold that retroactive application of the *Deklewa* rule to employers who repudiated pre-hire agreements prior to that decision is inappropriate and accordingly AFFIRM the judgment below.

NOONAN, Circuit Judge:

I dissent.